**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jodi Merrill-Russell, | No. CV-19-00331-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Jodi Merrill-Russell's Application for Disability Insurance Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 12, Pl. Br.), Defendant Social Security Commissioner's Responsive Brief requesting remand pursuant to 42 U.S.C. § 405(g) (Doc. 17, Def. Br. & Mot.), and Plaintiff's Reply Brief (Doc. 20). The Court has reviewed the briefs and Administrative Record (Doc. 11, R.) and now reverses the Administrative Law Judge's decision (R. at 15–26) as upheld by the Appeals Council (R. at 1–3).

**I.    BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits on January 28, 2015 for an amended period of disability beginning on September 17, 2014. (R. at 15.) Plaintiff's claim was denied initially on April 2, 2015, and on reconsideration on July 27, 2015. (R. at

15.) Plaintiff then testified at a video hearing before an Administrative Law Judge ("ALJ") on August 15, 2017. (R. at 15.) The ALJ denied her claims on January 5, 2018. (R. at 15–26.) On November 23, 2018, the Appeals Council denied her request for review of the ALJ's decision. (R. at 1–3). The present appeal followed.

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff has severe impairments of post-traumatic stress disorder (PTSD), shoulder issues, status post bunionectomy, and headaches. (R. at 15.) However, because the amended onset date was based only on her mental impairments, Plaintiff's appeal focuses only on her PTSD. (Pl. Br. at 3.)

Ultimately, the ALJ evaluated the medical evidence and opinions and concluded that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404." (R. at 17–18.) He then determined that Plaintiff has the residual functional capacity ("RFC") to perform light work; with respect to the mental component of the RFC, he found that Plaintiff "can perform non-public, simple, routine tasks and have no more than occasional superficial interaction with co-workers or supervisors in a habituated setting." (R. at 19.) Finally, based on the testimony of the Vocational Expert ("VE"), the ALJ found that Plaintiff can perform the requirements of representative work such as electrical accessories assembler, document preparer, and small parts assembler. (R. at 25.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the SSA's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to

support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

**III. ANALYSIS**

Plaintiff raises four arguments for the Court's consideration: (1) the ALJ erred in failing to consider the Veterans Administration's ("VA") 80% service-connected disability

rating of Plaintiff and the medical opinions of Dr. Peter Sanchez; (2) the ALJ erred in formulating Plaintiff's mental RFC by failing to account for Plaintiff's moderate limitation in concentration, persistence, and pace; (3) the ALJ erred in discounting the report of Plaintiff's counselor and social worker, Crockett Finch; and (4) the ALJ erred in rejecting Plaintiff's symptom testimony. Defendant concedes the first point. However, Defendant requests that the Court remand for further proceedings, rather than for a computation of benefits—the relief that Plaintiff seeks. Thus, the Court will address all four arguments in turn.

### A. The ALJ erred in failing to address the VA's disability determination and treatment reports.

The VA determined that Plaintiff has a service-connected disability rating of 80%. (R. at 612.) While a VA determination of disability is not conclusive upon an ALJ, the ALJ must "give great weight" to it. *Luther v. Berryhill*, 891 F.3d 872, 876 (9th Cir. 2018). Failure to do so is legal error and must result in a reversal and remand. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2018).

It is undisputed that the ALJ failed to evaluate the VA's disability determination—he did not mention it at all, either during the hearing or in his decision. Accordingly, the Court remands on the grounds that the ALJ committed clear legal error. "We note that, on remand, the ALJ is not compelled to adopt the conclusions of the VA's decisions wholesale, but if [he] deviates from final VA decisions, [he] may do so based only on contrary evidence that is 'persuasive, specific, valid' and supported by the record." *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (quoting *McCartey*, 298 F.3d at 1076).

Likewise, the ALJ failed to address the objective medical evidence of Dr. Peter Sanchez, a fact Defendant also concedes. (Def. Br. & Mot. at 3.) Plaintiff met with Dr. Sanchez, a clinical psychologist at the VA, on July 2, 2015. (R. at 975.) He reviewed all of Plaintiff's medical files, conducted his own assessment of her, and filled out a disability questionnaire. As part of his clinical findings, Dr. Sanchez documented that, as a result of experiencing sexual trauma while in the military, Plaintiff suffered from, *inter*

*alia*, recurrent distressing dreams; intense or prolonged psychological distress and related physiological reactions, both of which are triggered by internal and external cues; persistent and exaggerated negative beliefs; hypervigilance; sleep disturbance; and a persistent avoidance of stimuli associated with her traumatic events. (R. at 982–84.) Dr. Sanchez found that Plaintiff met all DSM-5 criteria for PTSD and opined that she had "occupational and social impairment with deficiencies in most areas, such as work, school, family relationships, judgment, thinking, and/or mood." (R. at 976–77.)

The ALJ committed error in failing to incorporate or even consider the findings and opinions of a treating psychologist from a treatment date occurring during the relevant period of disability. Upon remand, the ALJ must consider the evidence and opinions produced by Dr. Sanchez and accord them the weight articulated by the Ninth Circuit Court of Appeals and the SSA Regulations. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) ("As a general rule, more weight should be given to the opinion of a treating source . . . At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons."); *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) ("Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.")

**B.  The ALJ did not err in not verbatim including Plaintiff's moderate limitation in concentration, persistence, and pace in her RFC.**

In assessing Plaintiff's mental impairment under the SSA's Listing of Impairments, *see* 20 C.F.R. Part 404, Subpart P, Appendix 1, the ALJ found that Plaintiff has moderate limitations in her ability to concentrate, persist, or maintain pace. (R. at 18.) Plaintiff contends that the subsequently formulated mental RFC—in particular, the ability to perform "simple, routine tasks"—does not account for this moderate limitation. Specifically, Plaintiff argues that the ALJ erred in formulating the RFC because he "did not articulate whether [Plaintiff] would be able to *sustain* those tasks on a regular and continuing basis." (Pl. Br. at 17)(emphasis in original). Relatedly, Plaintiff argues that the

ALJ erred in failing to present to the VE Plaintiff's moderate limitation in concentration, persistence, and pace.

Plaintiff cites to several unpublished decisions from the Ninth Circuit to support this argument. *See Lubin v. Comm'r of Soc. Sec. Admin.*, 507 F. App'x 709, 712 (9th Cir. 2013)("The ALJ must include all restrictions in the residual functional capacity determination and the hypothetical question posed to the vocational expert, including moderate limitations in concentration, persistence, or pace."); *Brink v. Comm'r Soc. Sec. Admin.*, 343 F. App'x 211, 2009 (9th Cir. 2009)(holding that an RFC and subsequent hypothetical of a claimant's ability to perform "simple, repetitive work" does not adequately encompass difficulties with concentration, persistence, or pace). However, as this Court recently described,

> [w]hile the ALJ must include all of a claimant's restrictions in the RFC, the Ninth Circuit has explained that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). "[T]he relevant inquiry is whether the medical evidence supports the ALJ's finding." *Bennett v. Colvin*, 202 F. Supp. 3d 1119, 1126 (N.D. Cal. 2016).

*Aponte v. Comm'r of Soc. Sec. Admin.*, No. CV-17-00741-PHX-DGC, 2018 WL 316847, at *6 (D. Ariz. Jan. 8, 2018). In *Brink*, the court compared the claimant to the *Stubbs-Danielson* claimant. It found that the medical evidence itself established the *Brink* claimant's "moderate limitation in concentration, persistence, and pace," whereas the medical evidence in *Stubbs-Danielson* did not establish a limitation beyond what the ALJ had already incorporated in the RFC, *i.e.*, "simple, routine, repetitive sedentary work."

Here, like in *Stubbs-Danielson*, the ALJ sufficiently accounted for Plaintiff's limitations in concentration, persistence, and pace by limiting her RFC to "simple, routine work." The medical evidence fails to demonstrate a functional restriction beyond that translation. To the contrary, excepting Crockett Finch, Plaintiff's treatment providers during the relevant period of disability all noted normal or good concentration and

attention. (R. at 616, 657, 985.) The Court acknowledges that maintaining good concentration throughout a medical examination does not necessarily equate to good concentration and pace at a sustained level. However, the Court will not read in the opposite—and more illogical—conclusion that good concentration during a short examination translates to an *inability* to concentrate at a sustained level.

Moreover, it appears the ALJ determined the moderate limitation "in generous consideration" of some of Plaintiff's other symptoms, such as intrusive memories, triggers, and associated restlessness, rather than on independently documented problems with concentration itself. (R. at 18.) In either event, the ALJ found insufficient evidence to establish that Plaintiff's ability to focused at a sustained rate "was severely limited." The Court finds the ALJ's conclusion supported by substantial evidence and therefore finds no error in the particular construction of Plaintiff's mental RFC.[1]

### C. The ALJ provided inadequate reasons for discounting the report of social worker Crockett Finch.

On March 15, 2015, Plaintiff saw Crockett Finch, LMSW, a Readjustment Counseling Therapist with the VA. Finch determined Plaintiff exhibited many symptoms of PTSD stemming from her military sexual trauma, including recurrent and intrusive memories and nightmares; dissociative flashbacks; hypervigilance; loss of interest in activities previously enjoyed; mistrust of others; sleep problems; memory problems; and difficulty concentrating. (R. at 752–53.) He opined that "[b]ecause of these symptoms, [Plaintiff] may be significantly distressed or impaired in social, occupational, or other important areas of functioning" and found that Plaintiff "cannot work in any environment where a male is the dominant supervisor." (R. at 753.)

---

[1] *See also Aponte*, 2018 WL 316847, at *6 ("The ALJ's step-two finding of moderate limitations in concentration, persistence, or pace did not mandate a particular RFC, and the ALJ's RFC determination adequately captured the restrictions reflected in the medical evidence."); *Walsh v. Berryhill*, 2017 WL 7859362, at *6 (C.D. Cal. Nov. 29, 2017) (rejecting claimant's argument that the ALJ's hypothetical was incomplete because the limitation therein to "simple, repetitive tasks" did not account for plaintiff's moderate difficulties in concentration, persistence, and pace).

The ALJ assigned only "partial weight" to Finch's report and opinions. The regulations classify a licensed social worker as an "other medical source." 20 C.F.R. § 404.1513(d)(2016). While this entitles Finch's opinions to less deference than a treating physician's or psychologist's, the ALJ must articulate germane reasons for rejecting or discounting them. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Here, the ALJ's entire discounting of Finch's opinion is as follows: "To the extent [Finch's] opinion is consistent with the claimant's history of post-traumatic stress disorder with anxious mood and reported symptoms of social avoidance, triggers, intrusive memories, and nightmares, the undersigned considers it in determining the claimant's ability to have no more than occasional superficial contact with co-workers and supervisors." (R. at 23.)

To the extent this explanation can even be considered a rejection of Finch's opinion, the Court finds that it falls short of the standard for discounting a medical opinion. Indeed, the ALJ failed to provide any basis for giving Finch's testimony only partial weight. Instead, he seems to agree with Finch's opinion so long as it is consistent with Plaintiff's own testimony about her symptoms, creating a conclusory positive feedback loop. Accordingly, the Court finds the ALJ erred by failing to provide germane reasons for discounting Crockett Finch's opinion.

### D. The ALJ erred in rejecting Plaintiff's symptom testimony.

When evaluating a claimant's symptom testimony where he or she has produced objective medical evidence of an underlying impairment, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity" of the symptoms. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Rather, unless there is evidence of malingering, the ALJ must provide specific, clear, and convincing reasons for rejecting the claimant's testimony. This is the most demanding standard in Social Security cases. *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014). Here, because the ALJ found an underlying impairment and cited no evidence of malingering, his reasons for rejecting Plaintiff's testimony must meet this standard.

The ALJ's proffered reason for discounting Plaintiff's testimony is only that it was "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (R. at 20.) The ALJ then summarized the medical evidence from two appointments with treating providers. In the ALJ's words, those "treatment notes indicated the claimant complained of ongoing symptoms due to past trauma including social avoidance, triggers, intrusive memories, nightmares, and restlessness." (R. at 22.) They showed "anxious mood and congruent affect." However, the ALJ pointed out that they also noted, among other things, "cooperative and pleasant behavior; conversational and normal speech; normal memory; logical and goal directed thought processes; normal perception; good attention and concentration; and good insight and judgment." (R. at 22.)

The ALJ fails to point to any specific testimony of Plaintiff's or explain how the limitations Plaintiff testified to are unsupported or contradicted by this summary evidence. The Ninth Circuit consistently counsels ALJs against the practice of reciting general medical evidence and leaving the Court to draw its own conclusions about Plaintiff's alleged inconsistencies. *See, e.g.*, *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)("[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."); *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) (holding that an ALJ's blanket contention that the claimant's symptoms are "not consistent with . . . the overall medical evidence of record" is "exactly the type" of justification the regulations prohibit). Ignoring the fact that the ALJ did exactly that, the Court nonetheless finds that Plaintiff's testimony does not necessarily contradict the summary evidence the ALJ provided. For example, Plaintiff testified to anxiety attacks, hypervigilance, and exhaustion, all of which become magnified after Plaintiff experiences a traumatic nightmare. None of this is inconsistent with conversational and cooperative behavior or a display of normal memory, speech, and perception during a doctor's visit.

A recitation of the medical evidence without any connection to Plaintiff's particular testimony is simply insufficient to qualify as a specific, clear, and convincing reason. Accordingly, the Court finds that the ALJ erred in discrediting Plaintiff's symptom testimony.

### E. The credit-as-true rule does not apply.

Plaintiff asks that the Court apply the "credit-as-true" rule, which would result in a remand of Plaintiff's case for payment of benefits rather than for further proceedings. (Pl. Br. at 25.) Defendant concedes that the ALJ erred in failing to consider the 80% VA disability rating and the opinions of Dr. Sanchez, but that remand for further proceedings is appropriate because a serious doubt exists as to whether Plaintiff is disabled. (Def. Br. & Mot. at 3.)

The credit-as-true rule only applies in cases that raise "rare circumstances" which permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–1102 (9th Cir. 2014). These rare circumstances arise when three elements are present. First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id*. at 1100. Second, the record must be fully developed, with no outstanding issues to be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id*. at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id*. Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id*. (citations omitted).

In this case, the ordinary remand rule applies. The ALJ failed to consider the disability rating and at least one relevant medical opinion from the VA. He also did not fully develop the record in support of his decision to assign partial weight to Crockett Finch's opinions and to discount Plaintiff's symptom testimony. At the same time,

Defendant points to evidence in the record—in particular, Plaintiff's documented activity such as cross country motorcycle road trips with social clubs—that precludes the Court from finding with certainty that Plaintiff is disabled under the Act.

Together, these outstanding issues must be resolved before a determination of disability can be made and the Court finds that further administrative proceedings would be productive. Accordingly, the Court remands this matter to the ALJ for further development of the record and a disability determination.

**IT IS THEREFORE ORDERED** granting Defendant Commissioner of Social Security's Motion for Remand (Doc. 17). The Court remands this matter for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 9th day of October, 2019.

Honorable John J. Tuchi
United States District Judge